**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PINEY WOODS ER III LLC d/b/a EXCEL ER, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:19-cv-00261-RSP |
| CENTENE CORPORATION and CELTIC INSURANCE COMPANY d/b/a ARKANSAS HEALTH & WELLNESS INSURANCE CO., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Plaintiff Piney Woods ER III LLC d/b/a Excel ER brought this action against Defendants Centene Corporation and Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company. In its Complaint, Excel ER alleged that both Defendants failed to properly reimburse Excel ER for emergency medical services it provided to Defendants' insureds.[1] (Dkt No. 1). Centene responded by filing this motion to dismiss Excel ER's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6). (Dkt. No. 10).[2] After consideration, the motion is DENIED.

## I.    BACKGROUND

Excel ER is an emergency healthcare provider that operates several freestanding emergency room facilities in Texas. Excel ER alleges that Centene is a multi-line enterprise that offers insurance products directly and in conjunction with its family of companies, including

---

[1] Insured in this context means patients covered under commercial health plans underwritten and administered by companies like Defendants.
[2] Excel ER responded to the motion (Dkt. No. 15), to which Centene filed a reply (Dkt. No. 18) and Excel ER filed a sur-reply (Dkt. No. 23).

Celtic, which is fully owned by Centene. The Defendants sell Centene's Health Insurance Marketplace product, Ambetter. Excel ER claims it provided services to patients, including patients with Ambetter insurance coverage, and expected to be reimbursed for the service it provided to Defendants' insureds. Despite apparent coverage for the services Excel ER rendered, it claims that Defendants either did not pay or underpaid Excel ER at least $638,803.11. After more than a year of unsuccessfully attempting to collect from Defendants, Excel ER brought the present action, alleging that Defendants' actions were unfair, deceptive, and solely calculated to prevent—or induce Excel ER to refrain from or postpone—the bringing of this action. (*See* Dkt. No. 1).

## II.     ANALYSIS

Centene argues that the Court should grant the pending motion to dismiss on two grounds: (1) pursuant to Rule 12(b)(1), the Court lacks subject matter jurisdiction since Excel ER's alleged injuries are not fairly traceable to the challenged actions of Centene; and (2) pursuant to Rule 12(b)(6), Excel ER's Complaint fails to state a plausible claim against Centene or allege any circumstances that would justify disregarding Centene's separate corporate existence.

### a.  Rule 12(b)(1)

Centene first argues that this Court should dismiss Plaintiff's claims against it under Rule 12(b)(1) due to lack of subject matter jurisdiction. (Dkt. No. 10 at 3). A party may move to dismiss an action at any time if there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The court properly dismisses a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *See CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (citing *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"Federal courts are courts of limited jurisdiction." *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen*, 511 U.S. at 377).

If a party bases subject-matter jurisdiction on diversity grounds, federal "district courts shall have original jurisdiction of all civil actions where" the amount in controversy exceeds "$75,000" and is between "citizens of different States." 28 U.S.C. § 1332. "[A] corporation shall be deemed to be a citizen of every State" where it is "incorporated" and where it has its "principal place of business." *Id*. The second requirement, also called complete diversity, "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

Excel ER, in its Complaint, alleges damages "in an amount not less than $638,803.11." (Dkt. No. 1 at 20). This amount is greater than the required minimum of $75,000. Further, Excel ER claims that it is a Texas limited liability company with its principal place of business in Texas. (*Id*. at 2). It also alleges that Centene is a corporation incorporated in Delaware with its principal place of business in Missouri, while Celtic is both incorporated in and has its principal place of business in Illinois. (*Id*.). Centene does not contest these allegations. Since Excel ER is a citizen of a different state than Defendants, complete diversity exists. Excel ER, therefore, meets the requirements of subject matter jurisdiction on diversity grounds.

Conversely, Centene, in its Motion, attempts to improperly conflate the issue of standing with subject matter jurisdiction. Yet, it does not challenge this Court's jurisdiction over the parties

or argue that Excel ER has not sufficiently alleged the elements of subject matter jurisdiction through diversity grounds as described above. Thus, its arguments are not persuasive at this time.

### b. Rule 12(b)(6)

Centene next argues that this Court should dismiss Excel ER's claims against it under Rule 12(b)(6) since Excel ER failed to state a claim against Centene. It argues that Excel ER does not allege any independent wrongdoing on the part of Centene in its Complaint. (Dkt. No. 10 at 7).

A party may move to dismiss an action if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts in a complaint as true and views those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider the complaint, documents attached to the complaint, and documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

In its Complaint, Excel ER alleges that the Ambetter insurance product is Centene's own product and that Centene offers the product itself. (Dkt. No. 1 at 5). It also alleges that both Defendants did not properly pay Excel ER. (*Id*. at 7). Further, Excel ER, in its response to this Motion, attached email correspondences it had with Centene employees regarding its attempts to collect, indicating that it primarily dealt with Centene when trying to collect. (*See* Dkt. No. 15-3–15-5). Viewing these facts in the light most favorable to Plaintiff, Excel ER's Complaint states a plausible claim against Centene, including independent wrongdoing on the part of Centene.

### III.    CONCLUSION

For the reasons stated herein, Centene's Motion to Dismiss Excel ER's Complaint, pursuant to Rule 12(b)(1) or, alternatively, Rule 12(b)(3) is **DENIED**.

**SIGNED this 2nd day of December, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE